ANNETT WILLIAMS AND MILO WILLIAMS, HER HUSBAND, APPELLANTS, v. WILLIAM W. CLYATT, APPELLEE.

1. Where land is sold as an entirety for the non-payment of taxes thereon by all cotenants, and is bought by one of the cotenants, it amounts merely to the payment of the taxes, and the purchasing cotenant has no additional right in the land except to secure the payment of the amount paid by him for taxes for the other cotenants.

2. In partition proceedings, under the provisions of sections 1490-1497, Revised Statutes of 1892, sections 1939-1946, General Statutes of 1906, whenever the case is properly one of partition, one whose *bona fide* object is the partition of land between the common owners thereof, one or more of whom are complainants and the others are defendants, then all controversies between them as to the legal title may and should be settled by the chancellor.

3. When in partition proceedings a plea has been overruled and the court gives the defendant ample time in which to plead over or answer, and the defendant files an amended plea not materially different from the original plea, which

was overruled, and · "on the final hearing both parties were before the court and argued the cause, and on the court's announcing its judgment, the defendant then asked the court to be allowed further time to plead over, but did not state that there was any meritorious defense, or tender any plea or answer, nor make known the existence of any," the trial court should not be held in error for refusing to allow the defendant further time to answer.

4. In a partition proceeding when the defendant is present and without objection to the proceeding argues the case at the final hearing, he cannot successfully assign as error a failure to set the cause down for final hearing or a failure to give notice of the final hearing.

5. The entry of a decree *pro confesso* shows the defendant has not presented a defense to the suit and permits the plaintiff to proceed *ex parte*. Where the defendant is present and without objection to the proceedings argues the case at the final hearing, the proceeding is not *ex parte* and he cannot complain that no decree *pro confesso* was entered in the cause.

This case was decided by Division A.

Appeal from the Circuit Court for Marion County.

## STATEMENT.

On August 23rd, 1905, the appellee, or complainant, filed in the circuit court for Marion county a bill against the appellants for partition of certain described lands. The bill in substance alleges that Simon Pinkney died seized and possessed of the land; that he died intestate, leaving as his legal heirs Henry Pinkney, a son, and An-

nett Williams, a daughter; that Henry Pinkney by war-
ranty deed dated August 2, 1905, conveyed to complain-
ant all his right, title and interest as such heir at law of
Simon Pinkney in and to said lands; that the said
Annett Williams on July 21, 1905, procured and had
issued to herself a tax deed to said land which complain-
ant avers is null and void as to the interest of complain-
ant in and to said lands, and amounts to the payment of
taxes thereon; that said Annett Williams in procuring
said pretended tax deed expended the sum of $31.60, and
that complainant is willing and offers to refund the sum of
$15.80, being one-half of all taxes paid on said lands; that
the complainant is the owner of an undivided one-half
interest in the said lands and the said Annett Williams
is the owner of an undivided one-half interesst in the
said lands. Partition is prayed.

On November 6th, 1905, the defendants filed a plea as
follows: "Comes now the defendant Annett Williams
and Milo Williams and show to this honorable court,
that the court is without jurisdiction to hear and deter-
mine the above styled cause, because these defendants
say, that at the time of the commencement of this suit,
and long before, and ever since, the defendant Annett
Williams was in open, notorious, hostile and adverse pos-
session of the said lands described in the complainant's
bill of complaint, claiming title to the whole tract of said
land, by a title adverse and hostile to the claim of the
complainant, and of all other persons, and that the said
Annett Williams had, by the exercise of acts of ownership
and dominion over said lands, at the time aforesaid, evi-
denced her whole seizin of the said lands, and of each
and every part of the same: Wherefore, these defendants

say that this honorable court is without jurisdiction to hear and determine the rights of the parties herein by partition.

This plea was on March 30, 1906, overruled and defendants were allowed till April 20, 1906, to plead over or answer. On the 24th day of April the following amended plea was filed:

"Comes now these defendants and for a plea to the complainant's bill of complaint herein, says, that this court is without jurisdiction to hear and determine the above styled cause, because these defendants say, that at the time of the commencement of this suit and long before and ever since, the defendant Annett Williams was in open, notorious and hostile possession of the said lands described in the complainant's bill of complaint, claiming title to the whole tract of said land, by a title adverse and hostile to the claim of the complainant herein, and all other persons, that is to say by deed from the clerk of the circuit court dated the 21st day of July, 1905, and recorded in the public records of Marion county, Florida, and that the said Annett Williams had by the exercise of acts of ownership and dominion over the said land at the times aforesaid, evidenced her sole seizin of the said lands, and of each and every part of the same; wherefore, these defendants say that this court is without jurisdiction to hear and determine the rights of the parties herein named by partition."

On June 4th, 1906, the court made the following decree: "This cause coming on to be heard upon the amended plea filed herein on the 24th day of April, A. D. 1906, and the same was argued by the solicitors for the respective parties, complainant and defendant, and upon

consideration thereof the court is of the opinion that the said plea is insufficient; therefore, it is considered, ordered and adjudged and decreed that the said plea is insufficient and the same is hereby overruled.

The defendant asked for further time to answer the bill of complaint herein, which is hereby denied.

Thereupon complainant made application for final decree, after litigation of the cause, whereupon the court proceeded to ascertain and adjudicate the rights and interests of the parties by hearing upon pleadings and proof. Whereupon the complainant produced and offered in evidence original deed from Henry Pinkney to W. W. Clyatt dated August 2nd, 1905, and conveying all right, title and interest of said Pinkney to the property described in the complaint to said W. W. Clyatt, which said deed was received and filed in evidence, and it appearing to the satisfaction of the court by the pleadings and proof that the said W. W. Clyatt owns and is entitled to an undivided one-half interest in the N. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of section 8, township 14 south, range 20 east, and that the defendant Annett Williams owns and is entitled to an undivided one-half interest in said property.

Therefore, it is further considered, ordered, adjudged and decreed that the said W. W. Clyatt owns and is entitled to an undivided one-half interest in and to the said N. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of S.W. $\frac{1}{4}$ of Sec. 8, Twp. 14 S., R. 20 E., and that said Annett Williams owns the remaining one-half interest in said land, and the same is ordered partitioned and J. D. Ferguson and V. M. Seckinger and S. J. McCully be and they are hereby appointed as commissioners to make such partition, allotting the complainant, W. W. Clyatt,

a one-half of said land according to the quantity and value, and to the defendant, Annett Williams, a one-half of said land, according to quantity and value; the said commissioners shall after taking the prescribed and required oath, proceed to make partition of the said property as aforesaid, and shall after having made such partition make report of the same in writing to this court.

It is further ordered and decreed that the complainant's solicitor be and he is hereby allowed, upon the proof thereof made herein, the fee of fifty dollars as a reasonable fee for his services herein, and that the defendant, Annett Williams, be and are bound and liable to pay one-half thereof and one-half of the other costs and charges, arising from this suit for partition; and that said W. W. Clyatt be and is bound and liable for one-half of all costs and charges arising from this suit for partition; and that decree shall be binding on all the goods and chattels and lands and tenements of each of the respective parties, complainant and defendants, for their respective shares of said costs and charges, or in the event of a sale of the said land under the order of this court, in this proceeding, then the same shall be paid or retained out of the money arising from such sale and due and belonging to the respective parties who ought to pay the same, provided the same be sufficient to satisfy the said costs and charges.

It is further ordered that the complainant pay into the registry of this court the sum of $16.90, the amount due the defendants for taxes paid by them on said land; the same to be paid to the defendants or their solicitor of record upon the filing with the clerk proper receipt therefor, after the defendants have complied with this

decree insofar as it concerns the payment of their respective share of said costs and charges and in the event of failure or refusal of defendants to pay their share of said costs and charges within 30 days from the day of this order, then the said clerk is ordered to pay and apply the said sum of money to the satisfaction of the amount due by defendants for their share of said costs and charges, taking and filing in record the proper receipts for the same.

It is further ordered that this cause be retained for such further order and proceedings as may be necessary.

Done at chambers and ordered this 4th day of June, A. D. 1906.                    W. S. Bullock, Judge."

The following petition for rehearing, sworn to by counsel, was filed June 6th, 1906: "Comes now the defendants in the above styled cause by their solicitor undersigned, and show to the court that upon the hearing of the plea filed herein by these defendants on the 24th day of April, 1906, the court overruled the said plea of these defendants, and instructed the solicitor for the complainant to draw an order overruling the said plea. Whereupon the solicitor for this defendant then and there requested of the court leave to put in an answer to the complainant's bill, denying the allegations of the complainant's bill, which said fact appears by the statement in the decree of court rendered on the 31st day of May, 1906.

The defendants further show that the solicitor of this defendant then and there requested the solicitor for the complainant to show the solicitor of this defendant the order of the court overruling the said plea before the same

63—SC

should be presented to the court for signature of the court, and these defendants show, that without notice whatever to these defendants, or knowledge on the part of the defendants or their solicitor of the fact that an application would be made for a decree in the case settling the equities of the parties, the solicitor for the complainant, on the 31st day of May, 1906, without notice to these defendants or their solicitor, and in the absence of these defendants or their solicitor, and without an opportunity to the solicitor for the defendants to see the said order of court before the same was signed, presented to the court a decree settling the equities of these defendants, and at the same time, as these defendants are informed and believe, in the absence of these defendants and without notice or knowledge to them or their solicitor, introduced alleged proofs before the court to show title of the complainant and of the defendants, and procured from the court a decree disposing of and settling the rights of these defendants, in the absence of these defendants or their solicitor, and without notice of any kind whatever to the said solicitor for the defendants, or the defendants.

Wherefore, these defendants pray an order of the court setting aside the decree of this court, made and entered on the 31st day of May, 1906, and that these defendants may be permitted to file an answer to the complainant's bill of complaint, and an opportunity to deny and dispute the title claimed by the complainant, and to show to the court all facts and circumstances in relation to the said matters set up in the said bill of complaint, and that the court will permit a rehearing and reargument of the matters contained in the said decree on the 31st day of May, 1906."

On June 9th, 1906, the court made the following order: "This cause came on to be heard on an application of the defendant to open up the decree heretofore pronounced in this cause, and the same was argued by the solicitors for all parties, and the court having considered the same, and the facts being that on the final hearing both parties were before the court and argued the cause, and on the court's announcing its judgment, the defendant then asked the court to be allowed further time to plead over, but did not state that there was any meritorious defense, or tender any plea or answer, nor make known the existence of any; and the court denied the motion for further time, and announced its judgment and directed the solicitor for defendant to prepare a decree, and the same was done, and as recited in the motion the decree was afterwards signed. This motion for a rehearing and vacating the decree is denied. Done at chambers in Ocala, Florida, June 9th, 1906.          W. S. Bullock, Judge."

The report of the commissioners having been filed June 18th, 1906, the court on June 18th, 1906, made the following final decree: "This cause coming on to be further heard, upon the report of the commissioners, who were heretofore appointed to make partition and division of the lands, in the order of appointment, between the complainant and the defendants, when it was made to appear to the court that the said commissioners, prior to their making partition of said property, were duly sworn by the clerk of the circuit court of Marion county, to faithfully and impartially execute the trust committed to them, and did proceed to view the said property and make a division thereof, and have reported their acts to this court for confirmation, and it appearing to the court that such division

is just, proper and equitable, it is, therefore, after consideration by the court, ordered, adjudged and decreed that said report of the commissioners be, and the same is hereby confirmed. And that the complainant, W. W. Clyatt, is vested in absolute fee simple in and to the N. W. ¼ of the S. E. ¼ of the S. W. ¼ of section 8, township 14 south, range 20 east; and the defendant, Annett Williams is vested in absolute fee simple in and to the N. E. ¼ of the S. E. ¼ of S. W. ¼ of section 8, township 14 south, range 20 east.

It is further ordered that the costs, as taxed by the clerk, amounting to $66.40, be, and the same is hereby allowed, one-half thereof to be paid by the complainant, and the other half by the defendant. It further appearing that the complainant, W. W. Clyatt, has paid all of said costs, it is therefore ordered that the land set apart herein to the said Annett Williams be held liable for the payment of half of said costs, to wit, $33.20, and the same is ordered to be paid within ten days from this date, and in default of such payment, the clerk is hereby directed to issue execution to be levied upon the said N. E. ¼ of S. E. ¼ of S. W. ¼ of section 8, township 14, south, range 20 east, in favor of the said W. W. Clyatt. Done and ordered at chambers, this June 18th, A. D. 1906.

W. S. Bullock, Judge."

A petition to vacate and set aside the final decree of June 18, 1906, and for rehearing was filed July 5, 1906, and overruled August 22, 1906. On August 23, 1906, the following entry of appeal was filed and recorded in the chancery order book: "Comes now the defendants in the above styled cause, the said Annett Williams and Milo Williams, and take and enter an appeal from the final

decree in this cause of date June 18th, 1906, and from all interlocutory decrees rendered in said cause as against these defendants, unto the January term of the supreme court of the state of Florida, 1907, and to the first day thereof, to be begun and holden in the city of Tallahassee, Florida, on the second Tuesday in January, 1907. This appeal being taken and entered by the said Annett Williams and Milo Williams as defendants in said cause, against the said William W. Clyatt, as complainant in said cause. H. M. Hampton, Solicitor for the defendants."

The errors assigned are: (1) Overruling the amended plea; (2) refusing to allow defendant further time to answer the bill; (3) proceeding to adjudicate the rights of the parties by hearing upon pleadings and proof before the cause had been set down for a final hearing; (4) proceeding to adjudicate the rights of the parties without notice of final hearing being given to the defendants; (5) proceeding to adjudicate the rights of the parties when no decree *pro confesso* had been entered; (6) denying petition for rehearing; (7) entering final decree without notice to defendants; (8) decreeing complainant is vested with fee simple title to one-half of the land when no decree *pro confesso* had been entered; (9) entering final decree when there was no answer and no decree *pro confesso;* (10) denying petition for rehearing in order of August 22, 1906; (11) denying petition for correcting the order of June 9, 1906, by order of August 22, 1906.

*H. M. Hampton,* for Appellants.

No appearance for Appellee.

WHITFIELD, J. (*after stating the facts*): From the

bill of complaint it appears that Henry Pinkney and Annett Williams each owned by inheritance from their father an undivided one-half interest in the land in controversy; that Henry Pinkney conveyed his interest to the complainant by warranty deed dated August 21, 1905, and that prior to such conveyance Annett Williams on July 21, 1905, procured and had issued to herself a tax deed to said land. It thus appears that Annett Williams acquired a tax title to land in which she had an undivided one-half interest as a coparcener, and that subsequent thereto the complainant acquired title by deed from the other coparcener of his undivided one-half interest. A coparcener cannot acquire a tax title to lands as against another coparcener because of their mutual obligations and interests. If land is sold as an entirety for nonpayment of taxes by all cotenants, and is bought by one of the cotenants, it amounts merely to the payment of the tax, and the purchasing cotenant has no additional right in the land except to secure the payment of the amount paid by him for taxes for the other cotenants. Freeman on Cotenancy and Partition (2nd ed.), section 158; 27 Am. & Eng. Ency. Law (2nd ed.) 956; Black on Tax Titles (2nd ed.), section 282. See also, Keil v. West, 21 Fla. 508; Petty v. Mays 19 Fla. 652.

By the purchase of the undivided one-half interest of Henry Pinkney the complainant became a tenant in common with Annett Williams and he succeeded to all the rights of his grantor, including the rights to a partition and a redemption of his interest in the land from the claim of the other cotenant had for taxes therein paid by her in the purchase of the tax title.

In the case of the Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722, this court held that under the provisions of sections 1490-1497 Revised Statutes of 1892, sections 1939-1946 Gen. Stats. of 1906, "Whenever the case is properly one of partition, one whose *bona fide* object in the partition of the lands between common owners thereof, one or more of whom are complainants and the others are defendants, then all controversies between them as to the legal title may and should be settled by the chancellor under our statute." As this statute was adopted in 1844, before the first constitution of the state became effective in 1845, it was in the above case held not to be in conflict with the provision of the constitution as to jury trials.

This appears to be a *bona fide* proceeding for partition of land between tenants in common, and even if the plea and the amended plea of the defendants had sufficiently set out an apparently valid adverse title claimed by them, so as to require an adjudication of it, the court in this proceeding could under the authority above quoted "proceed to ascertain and adjudicate the rights and interests of the parties * * * by a hearing upon the pleadings and proofs," and "to decree that partition be made if it shall appear that the parties are entitled to the same." The amended plea was properly overruled.

The error assigned on the refusal of the court to allow further time for the defendant to answer the bill of complaint cannot be sustained. The transcript shows that the bill of complaint was filed August 23rd, 1905, that the defendants were served with subpoenas two days thereafter, that a demurrer to the bill filed October

2nd, 1905, was overruled October 24th, 1905, after the same had been confessed and the bill amended to meet the demurrer, that on November 6th, 1905, a plea was filed which was on March 3rd, 1906, overruled, and defendants allowed until the 20th day of April, 1906, to plead over or answer, that on April 24th, 1906, the defendants, by leave of court, filed an amended plea not materially different from the original plea, that on June 4th, 1906, the court overruled this amended plea and upon application for final decree the court proceeded to ascertain and adjudicate the rights of the parties, that on petition for rehearing mainly because further time to plead had been denied the court made an order denying a rehearing and in such order states that "the facts being that on the final hearing both parties were before the court and argued the cause, and on the court's announcing its judgment, the defendant then asked the court to be allowed further time to plead over, but did not state that there was any meritorious defense, or tender any plea or answer, nor make known the existence of any." Thus it appears from the record that after the original plea was held to be had and 20 days time given "to plead over or answer" the defendants filed substantially the same plea which was held insufficient, and final decree was asked for when "both parties were before the court and argued the cause, and on the court's announcing its judgment, the defendant *then* asked the court to be allowed further time to plead over, but did not state that there was any meritorious defense, or tender any plea, or answer, nor make known the existence of any." A trial court should not be held in error for re-

fusing to allow defendant time to answer a bill of complaint after two successive pleas have been held insufficient, when the defendant is present and argues the case on final hearing and does not ask for further time to answer until the judgment of the court against him is announced, and even then makes no offer of a *bona fide* meritorious defense. Such a practice lacks the merit of sincerity and has the appearance of trifling with the court's procedure.

When a defendant is present and without objection argues the case at the final hearing he cannot successfully assign as error a failure to set the cause down for final hearing and a failure to give notice of it.

The statute provides that "upon application for entry of a final decree, made after a decree *pro confesso,* or after the litigation of the cause, the court shall proceed to ascertain and adjudicate the rights and interests of the parties." In this case a plea and also an amended plea were interposed and overruled. This was a litigation of the cause. In the presence of both parties the final hearing was had and judgment announced. Under these circumstances the mere failure to enter a decree *pro confesso* cannot be held to be reversible error. The defendant was present and argued the case at the final hearing upon the overruling of the amended plea. He is held to have known the state of the pleadings and that he had presented no defense that was entertained by the court. The entry of a decree *pro confesso* shows the defendant has not presented a defense to the suit and permits the plaintiff to proceed *ex parte.* The defendant in this case was present and took no part in the final hearing. The proceeding then was not *ex parte.* As the defend-

ant took part in the final hearing without asking further time to answer until after the court announced its judgment, he cannot complain that no decree *pro confesso* was formally entered in the cause.

This disposes of the merits of all the assignments of error properly before us on the appeal as entered.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.