GEORGE W. PRICE, *Appellant,* v. E. D. MCLEOD, JAMES MC-
LEOD AND ERNESTINE E. ABBOTT, *Appellees.*

Opinion Filed March 4, 1914.

Rehearing Denied March 31, 1914.

PARTITION—DEFENSE BY ASSERTING TITLE BY ADVERSE
POSSESSION—PROOFS TO SUSTAIN SAME.

Where the defendant in a suit for partition sets up as a defense
that he has been continuously in the sole and exclusive
adverse possession of the whole of the land in dispute ever
since his purchase of an undivided one-fifth interest therein
at a Sheriff's sale thereof under a judgment and execution
against the owner of such one-fifth interest, and that such
adverse possession has ripened into a prescriptive title to the
whole of said land as against the complainants and all others;
and the proofs show that ever since the purchase of said
one-fifth interest by said defendant at said sheriff's sale, the
whole of said land has been continuously unenclosed, unoc-
cupied, unimproved and wild, and that the only acts of owner-
ship by such defendant over the same were occasionally to
get fire-wood and fence posts and some clay and sand there-
from, and that he paid the whole of the annual taxes thereon,
and got various persons living in the vicinity thereof to pre-
vent trespassers from cutting and taking wood and timber
therefrom, and occasionally went over said land in person.
Under these circumstances:  Held, That no act of his as
proven even tended to put his cotenants on notice that he
was claiming the entire interest and estate in said land ad-
versely to them, and that the decree of the court below award-
ing partition of said land to the complainants was proper.

Appealed from Circuit Court for Columbia County:
M. F. Horne, Judge.

Decree affirmed.

*Cone & Chapman,* for Appellant;

*A. J. Henry,* for Appellees.

TAYLOR, J.—The appellees as complainants below filed their bill in the Circuit Court for Columbia County against the appellant as defendant below for partition of certain described lands situated in said county. Upon the pleadings and proofs taken the court below rendered a decree in favor of the complainants for partition of said lands, and the defendant below brings such a decree here for review by appeal.

The bill alleges, and the proofs sustain its allegations, that said lands belonged to Mrs. Lucy H. McLeod who died intestate leaving as her heirs-at-law her husband, F. McLeod, since deceased, two sons, the complainants, E. D. and James McLeod, and one daughter, Mary Crowley, since deceased, and a grand-daughter, the complainant, Ernestine Abbott. That the interest and estate of the said Mary Crowley in said land has since passed by conveyance to the complainant, James McLeod; that about the year A. D. 1892, the interest and estate of the said F. McLeod in said land, the same being an undivided one-fifth interest therein, was sold by the sheriff of said county under a judgment and execution against the said F. McLeod and was purchased at said sheriff's sale by the defendant George W. Price, who obtained a sheriff's deed thereto; that the complainant James McLeod is now the legal owner of an undivided two-fifths interest and estate in said land, the complainants, E. D. McLeod and Ernestine Abbott and the defendant, George W. Price, are the owners each of an undivided one-fifth interest and estate therein. The defendant Price in his an-

swer alleges that since the date of his purchase at the sheriff's sale on February 7th, 1893, he has been continuously in the sole and exclusive adverse possession of the whole of said land under color of title conveyed to him by such sheriff's deed and has acquired prescriptive title to the whole thereof as against the complainants and all others.  The proof shows that ever since the sheriff's sale of the one-fifth interest and estate of F. McLeod in said land the whole of said land has been unenclosed, unoccupied, unimproved and wild; that after his purchase the said defendant occassionally got fire-wood, and fence posts for his domestic uses, and some clay and sand therefrom, and paid the annual taxes thereon, and got various persons living in the vicinity to prevent trespassers from cutting and taking wood and timber therefrom, and occasionally went over said land in person. No act of his in reference to said land even tended to put his co-tenants on notice that he was claiming the entire interest and estate in said land adversely to them, and his deed from the sheriff only conveyed to him such interest and estate therein as was owned by the judgment debtor, F. McLeod, the same being an undivided one-fifth interest and estate therein.  Under the pleadings and proofs the decree of the court below in said cause was proper, and it is hereby affirmed at the cost of the appellant.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.