MAY L. B. PROUT, *Appellant*, v. THE J. W. McWILLIAMS COMPANY, *Appellee*.

Division B.

Opinion filed August 1, 1928.

*E. Dixie Beggs* and *Cole, Bowman & Hodge* of Springfield, Ohio, Attorneys for Appellant;

*Campbell & Campbell* and *Stewart & Presson*, Attorneys for Appellee.

BUFORD, J.—In this case the appeal is from a final decree of partition. The appellee was complainant in the court below and filed bill in equity for partition of nine hundred four (904) acres of wild land in Lee County, Florida, alleging that it was the owner of an undivided one-fourth (¼) interest in the said lands and that the defendant in the court was the owner of an undivided three-fourths (¾) interest in said lands. The defendant denied by answer that the appellee owned any interest in the land and claimed that she was the sole owner, averring that she owned the one-fourth (¼) interest claimed by the plaintiff by virtue of a trust deed dated April 24, 1889, from E. J. Reel to James B. Parramore and a deed from Leila Parramore, widow of James B. Parramore, to E. J. Reel and a deed from E. J. Reel to F. M. Bookwater and a deed from Bookwater to defendant, May L. B. Prout; and she also claimed title to the same interest by virtue of a tax deed to F. M. Bookwater dated August 4, 1926, and a tax deed to F. M. Bookwater dated December 28, 1889.

The plaintiff's title was deraigned from E. J. Reel by quit-claim deed to W. M. House dated April 3, 1913, from House to Florida Holding Company by deed dated December 30, 1924, and Florida Holding Company to the plaintiff by deed dated April 1, 1926. The trust deed from Reel to James B. Parramore was properly construed by the trial court under authority of the opinion in the case of Christopher v. Mungen, 61 Fla. 531, 55 So. R. 273, to have been a mortgage passing no title that became vested in Leila Parramore as the widow of James B. Parramore. As this trust deed was properly construed by the chancellor to be no more than a mortgage and as it had never been foreclosed and the statutes of limitations had run against it at the time when Reel made quit-claim deed to House on April 3, 1913, Reel was at that time vested with the title to an undivided one-fourth (¼) interest in the lands and his

deed to House conveyed the one-fourth ($\frac{1}{4}$) interest which he then owned. When he later made and delivered a warranty deed to F. M. Bookwater he conveyed no title to Bookwater by the making of such deed, he having already divested himself of the title which he had possessed to the property and he having acquired no further or other title by virtue of the deed from Leïla Parramore, widow of James B. Parramore.

At the time Bookwater procured the first tax deed he was a co-tenant of Reel and at the time he procured the second tax deed he was a co-tenant of The J. W. McWilliams Company, therefore Bookwater acquired no title whatever by virtue of such tax deeds. See Williams v. Clyatt, 53 Fla. 987, 43 So. R. 441.

We find no reversible error disclosed by the record and the decree appealed from should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.