### RACHAEL ANDREWS v. OWEN ANDREWS

21 So. (2nd) 205           January Term, 1945
March 6, 1945             Division B

*Jordan Johnson,* for appellant.

*C. Y. Byrd,* for appellee.

THOMAS, J.:

Appellant and appellee were divorced, and neither challenges that part of the decree severing the marriage tie, there being presented now only the matter of the correctness of the chancellor's determination of the rights of the parties to a certain piece of property purchased jointly and deeded to them as husband and wife, thereby creating an estate by the entirety. Both parties eventually defaulted in the payment of taxes, and the title became vested in the State of Florida under the Murphy Act. (Section 9, Chapter 18296, Laws of Florida, Acts of 1937; Section 192.38, Florida Statutes, 1941, and F.S.A.) The property was subsequently sold at auction, and the appellant was the successful bidder, whereupon the property was conveyed to her individually by the trustees of the internal improvement fund. This all occurred while the marriage relation existed.

So, to summarize, one holder of an unseverable interest, Strauss v. Strauss, 148 Fla. 23, 3 So. (2nd) 727, whose duty to pay the tax was the same as her co-holder, obtained a deed conveying the whole title, hence took advantage of her own failure as well as that of her co-owner. The question arises

whether a husband or a wife could eliminate the interest of the other spouse in such an estate via the process of recapturing the property under the provisions of the Murphy Act.

In the case of Strauss v. Strauss, supra, it was further said that upon divorce the husband and the wife who held an estate by the entirety became "joint tenants or tenants in common." Of course by Section 3, Chapter 20954, Laws of Florida, Acts of 1941, Section 689.15, Florida Statutes, 1941, and F.S.A., it is now expressly provided that "in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common."

From the authorities we have examined it appears that there is one distinguishing feature of an estate in common; namely, "unity" of possession. In joint tenancy there are three additional "unities"; that is, the interests must be the same, must have originated in the identical conveyance, and must, therefore, have commenced simultaneously. There is the added characteristic of survivorship. In tenancy by the entirety all of these "unities" of joint tenancy are present and also that additional "unity" of person, Bailey v. Smith, et al., 89 Fla. 303, 103 So. 833, springing from the relationship of husband and wife, and, too, neither holder may alone sever the estate.

We think the effect of the action of the wife, appellant, may be tested by the elements peculiar to estates by the entirety, which, we repeat, are unity of person and the concomitant, unity of estate. As we stated at the outset, it was written in Strauss v. Strauss that the estate is not severable, and in Bailey v. Smith, supra, in reiterating this pronouncement the court clearly demonstrated the connection between the indivisibility of estate and oneness of person. It was expressed thus: "The essential characteristic of an estate by the entirety is that each spouse is seized of the whole or the entirety, and not of a share, moiety, or divisible part. Each is seized per tout et non per my. There is but one estate, and, in contemplation of law, it is held by but one person." A like statement of the law on the subject may be found in 26 Am. Jur., Husband and Wife, page 697; also in Thompson's Commentaries on Real Property, Vol. 4, page 333, where we

learn that the singleness of person is traceable to the common law conception of man and wife as one.

If, then, in such a situation there is but one person and but one indivisible estate, which could pass from one to the other only by death and from them to a third party only by joint deed, how could either eliminate the other's interest by failing to pay a tax and then purchasing the whole title as a result of the default? If they are but one, then his default was hers as well, and her act in purchasing the property was his also.

An attempt by one spouse to take advantage of the other by the purchase of property held by the entirety cannot be sanctioned. If a tenant purchases the joint property at a tax sale, his act benefits all the cotenants and discharges the lien. Richards v. Richards, et ux., 75 Mich. 408, 42 N. W. 954; Emeric, et al., v. Alverado, et al., 90 Cal. 444, 27 Pac. 356; Moragne v. Doe, 143 Ala. 459, 39 So. 161, 111 Am. St. Rep. 52, 5 Am. Cas. 331.

This Court has held that "a coparcener cannot acquire a tax title to lands as against another coparcener because of their mutual obligations and interests." If a coparcener does buy an entire estate by nonpayment of taxes he merely pays the taxes and gains no right save reimbursement for his cotenant's share of the debt he thus discharges. Williams v. Clyatt, 53 Fla. 987, 43 So. 441. Estates in coparcenary are akin both to tenancies in common and joint tenancies, but there is no need to comment on their characteristics except to say that the last cited case seems in point because the fundamental ingredient of all three, as well as of estates by the entirety, which prevents one interest holder from taking advantage of the other is their mutuality of interest and obligation. Obviously the most confidential of the relationships is found in the estates by the entirety by reason of the prerequisite of marriage. Eimination of appellee's interest by the means we have described could not have been condoned even had it occurred after the divorce when they had become tenants in common and the "unity" of possession alone remained, much less while all elements of an estate by the entirety were still extant.

Each tenant by the entirety owes to the other the highest degree of confidence and trust. We repeat, if a tenant in common may not take advantage of his cotenant nor a parcener of his coparcener by purchasing a tax deed on the property they hold, there is all the more reason why the rule should be applied in the case of estates by the entirety. Bearing in mind the principles involved, we see no difference in obtaining a tax deed from the State of Florida and a deed under the Murphy Act from the trustees of the internal improvement fund. Both spring from failure to meet the tax obligation. We think that the chancellor was eminently correct when he held that the estate was unaffected by the conveyance to the appellant.

Predicated upon this finding he decided that the title, upon severance of the marriage tie, should be vested in the husband "for life, remainder to the plaintiff [wife] in fee simple." We cannot join him in this view. The question of the effect of divorce upon an original estate by the entirety where either spouse alone furnishes the purchase price of the property does not arise, for the evidence here shows that the land was procured through their joint efforts. There is a lack of testimony, too, that either contributed more than the other; so if this question is ever important it is impossible in this case to decide the proportionate share that each would hold as a tenant in common. In such circumstances we shall assume that the contributions were equal and that, upon becoming tenants in common when the divorce was granted, each owned an undivided one-half interest; and both were entitled to possession. Clearly the parties became tenants in common, and, recalling the distinctions we have pointed out between tenancies in common and tenancies by the entirety, as such but one "unity" remained, that of possession. Both being entitled to possession, both owning an undivided but severable interest, it would, we think, be incongruous to constitute one a life tenant and the other a remainderman.

The cause is reversed with directions to revise the final decree so it will provide that upon the divorce appellant and appellee became tenants in common. This direction should not be construed as preventing the chancellor, if he thinks

justice requires, from further amending the final decree to command the appellee to reimburse the appellant for one-half of the amount paid by her to the trustees of the internal improvement fund to secure the deed.

Affirmed in part; reversed in part.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.