PER CURIAM.
The appellant, Joseph Farr, was the defendant in a suit for divorce brought by his wife, Christine Farr. The wife was granted the divorce, custody of two children, and possession of the homestead. The husband was required to make monthly mortgage payments of $83.50 per month, plus utility payments of $18.00 per month. In addition, the wife was awarded the sum of $32.50 a week which was divided as follows: $10.00 as alimón}^, $11.25 for support money for each of the two minor children.
Joseph Farr appeals and presents one question for our consideration. It is as follows:
“DID THE CHANCELLOR ABUSE HIS DISCRETION IN THE SETTING OF THE AMOUNTS OF PERMANENT ALIMONY, CHILD SUPPORT PAYMENTS AND ATTORNEY’S FEES IN THE FINAL DECREE WHERE THERE WAS A CLEAR SHOWING THAT THE DEFENDANT DID NOT HAVE THE FINANCIAL ABILITY TO MAKE SUCH PAYMENTS.”
In this difficult area the rule is that the appellate court will not reverse an order made in the exercise of the chancellor’s jurisdiction unless it clearly appears that the order is without substantial evidentiary basis. Rogoff v. Rogoff, Fla.App.1959, 115 So.2d 456. Such an abuse of discretion has not been shown in this case on appeal.
Affirmed.