233 So.2d 156 (1970)
Arthur L. MINTZ, Appellant,
v.
Judith Mintz ELLISON, Appellee.
No. 70-17.
District Court of Appeal of Florida, Third District.
March 10, 1970.
Edward C. Vining, Jr., and R.M. MacArthur, Miami, for appellant.
Strauss & McCormick, Miami, for appellee.
Before PEARSON, C.J., and BARKDULL and HENDRY, JJ.
PEARSON, Chief Judge.
The former husband brings this interlocutory appeal from a post-judgment order which required him to "bring the mortgages current on the former home of the parties * * * and keep the same current until further order of this court". We hold that the court lacked jurisdiction to require the former husband to make the mortgage payments after the residence was no longer used as a home by the wife and the minor children. We reverse.
In the final judgment of divorce the court adopted a stipulation between the parties. The stipulation, among other things, provided:
"that the home of the parties located at 845 North Rainbow Drive, Hollywood, Florida (which is held as an estate by the entireties), shall be occupied by the *157 Plaintiff and the two minor children of the parties up to and including the date of September 14, 1969, at which time the Plaintiff shall vacate the premsies and leave same unfurnished, except for the personal belongings of the Defendant husband, and the home of the parties shall be sold as soon as possible thereafter and the net proceeds of the sale shall be divided equally between the parties after deductions in favor of ARTHUR MINTZ, from the date of this Order, for any payments paid on the first or second mortgages of the home. * * *"
The final judgment provided:
"3. That, pursuant to the terms of said Stipulation, the plaintiff may continue to reside in the home of the parties located at 845 North Rainbow Drive, Hollywood, Florida, until September 14, 1969, at which time she shall vacate the premises and leave same unfurnished except for the personal belongings of the defendant.
"4. That the said home shall be sold as soon as possible after September 14, 1969, and the net proceeds of the sale shall be divided equally between the parties, after the deductions set forth in said Stipulation in favor of the defendant."
On November 12, 1969, the appellee filed her motion for an order holding the appellant in contempt for his failure to make the mortgage payments for October and November 1969 after the appellee had vacated the residence and before its sale. The motion to hold appellant in contempt was denied, but the court added new provisions to the final judgment by ordering the appellant to "bring the mortgages current" and "keep same current until further order of the court."
A trial court ordinarily has no jurisdiction to change the terms of a final judgment after it has lost jurisdiction of the judgment by the expiration of the time for filing a motion for rehearing. Batteiger v. Batteiger, Fla.App. 1959, 109 So.2d 602. Special exceptions are made by § 61.14, Fla. Stat., F.S.A. (providing for the modification of agreements for support, maintenance, or alimony), and Rule 1.540, Florida Rules of Civil Procedure, 31 F.S.A. (providing for relief from judgments under enumerated circumstances). The order in the instant case is not bottomed upon nor does the motion allege that the relief sought by the appellee is based upon either provision of law.
Real estate held as an estate by the entirety becomes an estate in common upon the entry of a decree of divorce between the parties. Section 689.15, Fla. Stat., F.S.A.; Markland v. Markland, 155 Fla. 629, 21 So.2d 145 (1945). Tenants in common have a mutual obligation to pay charges upon the property held in common. See Spencer v. Spencer, 160 Fla. 749, 36 So.2d 424, 426 (1948). Either tenant in common may make the payment of the charges and maintain an action to recover the proportionate share from the other tenants in common. Meckler v. Weiss, Fla. 1955, 80 So.2d 608.
The order appealed from is quashed.