PER CURIAM.
Following a complaint and counterclaim, the chancellor awarded the appellee a divorce; awarded the appellant probationary custody of the minor children for a period of one year; awarded her possession of the marital home for the probationary custody period [which had been held as an estate by the entireties and, upon the final judgment, they became tenants in common, § 689.15, Fla.Stat., F.S.A.]; awarded her $25.00 a week per child as support; and recognized that subsequent to the probationary period either party could partition the marital home. During the period the appellant had possession of the marital home, she would be required to make the monthly mortgage payments and was to be given credit for said payments upon the sale of the real property. The chancellor also recognized that the parties were tenants in common as to all the personal property located in the marital home.
The appellant has prosecuted this appeal and urges error in: (1) Awarding the divorce to the appellee and denying her claim for divorce. (2) Establishing probationary custody. (3) Requiring her to make the mortgage payments on the marital home. (4) Finding that the parties were tenants in common as to the personal property. (5) Fixing an inadequate support award.
The evidence indicates that the parties were both employed as school teachers, earning approximately the same amount of money; that the marital home was purchased in part with money given to the parties by the appellant’s parents.
We affirm the action of the chancellor in awarding the divorce to the appellee. Parker v. Parker, Fla.App.1957, 97 So.2d 136; Dames v. Dames, Fla.App.1963, 149 So.2d 570. We affirm the action of the chancellor in awarding custody of the minor children to the appellant, but believe it should have been permanent custody subject to modification pursuant to § 61.13, Fla.Stat., F.S.A. We affirm the action of the chancellor in granting the appellant and the children the right to use the marital *274 home. But, we disagree with this right of use being limited to a period of one year and requiring the wife to make the mortgage payments with a credit to be given her upon the sale of the property. We affirm the action of the chancellor in finding that, upon the entry of the final judgment, the parties’ interest in the marital home became that of tenants in common both as to the real and personal property. We affirm the support award of $25.00 per week per child, even though it appears minuscule; but we do not find that the chancellor committed any abuse of discretion under the evidence in fixing same. Rogoff v. Rogoff, Fla.App.1959, 115 So.2d 456; Farr v. Farr, Fla.App.1964, 164 So.2d 890. Of course, this award is subject to continuous review by the court pursuant to § 61.14, Fla.Stat., F.S.A. We conclude that the chancellor erred in requiring the appellant to make the mortgage payments in their entirety.
Therefore, except as hereinafter modified, we affirm the action of the chancellor in the entry of the final judgment of divorce by striking therefrom the period of probationary custody of the minor children, thereby leaving them in the custody of the appellant subject to the provisions of § 61.-13, Fla.Stat., F.S.A., by eliminating the time limitation by which the appellant may occupy the marital premises and to provide that, until such time as she remarries or the youngest child reaches her majority, the appellant may continue to occupy the premises with each of the parties being responsible for one-half of the mortgage payments, taxes, insurance, and major repairs, which is the normal responsibility of tenants in common. Spencer v. Spencer, 160 Fla. 749, 36 So.2d 424; Mintz v. Ellison, Fla.App.1970, 233 So.2d 156. The appellant should be responsible for all normal upkeep and maintenance.
Therefore, the final judgment of divorce here under review be and the same is hereby affirmed as modified.