BOYD, Justice,
dissenting.
I dissent because I find that the Court has jurisdiction and should exercise it. Because I find that the district court of appeal erred, I would quash the decision.
The district court’s decision conflicts with numerous decisions of this Court and other district courts of appeal. Dissolution of marriage is a condition precedent to a court’s power to adjudicate the property rights of the parties arising out of or incident to the marriage and the dissolution thereof. The interlocutory orders sought to be enforced here were not mere orders of temporary support or provisions for necessary short-term expenses. They were an attempt to adjudicate and finally settle the matters of property division and alimony, and to execute the judgments pertaining to such matters, while the parties remained husband and wife. The orders in question were beyond the jurisdiction of the court and the orders in enforcement thereof were accordingly void.
The ownership of property in an estate by the entirety is entirely unitary while the marital state of the parties continues. Junk v. Junk, 65 So.2d 728 (Fla.1953); Ashwood v. Patterson, 49 So.2d 848 (Fla.1951); Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205 (1945); Markland v. Markland, 155 Fla. 629, 21 So.2d 145 (1945); Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727 (1941). The court may determine the interests of the parties in such jointly owned property, but cannot effect a change in the title until the marriage is dissolved.
The order of alimony was similarly in excess of jurisdiction. The court’s authority to order alimony comes from statutes enacted by the legislature. It is clear that the authority to award alimony is conditioned upon the dissolution of the marriage. § 61.08(1), Fla.Stat. (1983). See Aldrich v. Aldrich, 163 So.2d 276 (Fla.1964). Any expansion of that authority should come from the legislature and not from the courts.
By grounding its decision upon authorities dealing with judicial discretion and the bifurcation of dissolution proceedings, the district court misapplied precedents to a distinguishable situation providing a further ground for conflict jurisdiction. See Claughton v. Claughton, 393 So.2d 1061 (Fla.1980); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The district court’s decision creates conflict with other decisions in which broadly applicable principles of law were announced, even though the precise facts of the cases differ. It is error to adjudicate the parties’ property rights without ^dissolving the marriage. Field v. Field, 08 So.2d 376 (Fla.1953). The judicial authority to adjudicate property rights between a husband and a wife can only be exercised where the marriage is dissolved. Ellis v. Ellis, 242 so.2d 745 (Fla. 4th DCA 1971); Miller v. Eatmon, 177 So.2d 523 (Fla. 1st DCA 1965).
The question here is, of course, whether the trial court had power to do what it did, and not whether it should have such power nor whether the exercise of such power *532 here was a good idea. But I note that property dispositions prior to dissolution are a bad idea because until the marriage is finally dissolved, such dispositions are premature because the situation between the parties could change.
Where the orders of the court were thus beyond its lawful judicial authority, they were void and unenforceable. In re Estate of Kant, 272 So.2d 153 (Fla.1972). Accordingly, I would quash the district court’s decision. I therefore dissent.