NEW FORT PIERCE HOTEL COMPANY, for the use of LUCY J. CARLTON, joined by her husband and next friend, L. L. CARLTON, v. PHOENIX TAX TITLE CORPORATION, and GEORGE STEWART.

171 So. 525.

Division B.

Opinion Filed December 22, 1936.

*Thad H. Carlton,* for Plaintiff in Error;

*E. O. Denison* and *T. V. Kiernan,* for Defendants in Error.

Buford, J.—The plaintiff states that there are two questions for us to determine, as follows:

"1. Where an offer of dedication of lands for the use of a public thoroughfare has been revoked, does a conveyance of the adjoining property after the revocation described in lots and blocks convey the land formerly offered as a public thoroughfare and not specifically described in the conveyance?

"2. After an offer of dedication of lands as a public thoroughfare has been revoked by the owner in possession, does a tax deed conveying the adjoining property and not specifically describing the lands in question convey said lands?"

We think the question could be more correctly stated as follows:

Where a plot of ground has been platted and Block 4 of such plat shows an alley lying between lot 1 on one side and lots 2, 3 and 4 on the other side, and there was an offer to dedicate the alley to the public, but the offer was not accepted and was revoked, does a tax deed otherwise valid conveying "all blocks 3 and 4, Riverside Addition, Section 10 Twp. 35 S., R. 40 E.," convey the alley as well as lots 1, 2, 3 and 4 in Block 4?

We think there can be no doubt that this question must be answered in the affirmative.

This point was definitely settled in the case of Smith v. Horne, 70 Fla. 484, 70 Sou. 435, where we held:

"Where the owner of land has it surveyed, mapped and platted showing subdivisions thereof, with spaces for intervening streets or other highways between the sub-divisions clearly indicated upon the map or plat, and conveyances in fee of the subdivisions are made with reference to such map or plat, the owner thereby evinces an intention

to dedicate an easement in the streets or other highways to the public use as such, the title to the land under the street remaining in the owner or his grantees; and where such conveyances are made with reference to the map or plat the dedication of the easement for street purposes cannot be subsequently revoked as against the grantees, and the titles of the grantees of subdivisions abutting on such streets in the absence of a contrary showing, extends to the center of such highway subject to the public easement. And where the highway is lawfully surrendered the then holder of the title to abutting property and to the center of the street has the property relieved of the public easement."

In the instant case there is no doubt or question that the dedication of the alley was revoked. The dedication was not only revoked, but the owner of the adjoining property took actual possession and constructed a building over the alley.

If the tax deed had described the lands as lots 1, 2, 3 and 4 of Block 4 we apprehend that the plaintiff in error would have conceded that upon the revocation of the dedication of the alley that the land to the center of the alley adjoining lot 4 would have thereupon become a part of lot 4 because the owner of lot 4 owned to the center of the alley subject to the easement and likewise it must have been conceded that upon the abandonment or revocation of the dedication the title to lots 2, 3 and 4 adjoining the alley on the opposite side from lot 1 would have extended to the center of the alley not encumbered by the easement. A deed to block 4 of the subdivision would convey no greater or less title to the lands involved than would a deed to lots 1, 2, 3 and 4 of Block 4, because Block 4 is comprised of lots 1, 2, 3 and 4 and a proposed alley, the dedication of which before ac-

ceptance was revoked. So, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.