**MITCHELL WOLFSON, et al., v. W. C. HEINS, et ux.**

6 So. (2nd) 858                                    Division A
February 10, 1942          Rehearing Denied March 20, 1942

500

Albert B. Bernstein, for Petitioners Mitchell Wolfson and Frances Wolfson, his wife, William W. Muir for Petitioner Miami Beach Bay Shore Company, J. Harvey Robillard for Petitioner City of Miami Beach, Stapp, Ward & Ward, for Petitioner J. N. Lummus, Jr., as Tax Assessor.

William L. Reed and Marion E. Sibley, for respondents.

WHITFIELD, J.:

This is a petition under Rule 34 for interlocutory appeal by certiorari from an order below denying petitioner's motions to dismiss the bill of complaint.

The facts alleged in the bill as set out are assumed to be true on this consideration of the motions to dismiss.

It appears that the petitioners, Mitchell Wolfson, et ux., and the respondents, W. C. Heins, et ux., each owned a lot in Beach View Subdivision, Miami Beach, Florida. Both lots fronted on Pine Tree Drive and had their rear boundary on Indian Creek. On the recorded plat of the subdivision a strip of land fifty feet wide extending back to Indian Creek from Pine Tree Drive lay between the lots of the respective parties. This strip was marked "Private Street" on the plat. It is alleged that it was the understanding of respondents when they bought their lot, that they were to have a right of way over that strip along with the owner of the lot lying on the opposite side of it. The Wolfsons' lot, on the South side, was improved and one of the improvements was a garage built so as to be entered over the "Private Street." The strip

had been used for that purpose for some time prior to the bringing of the bill.

Prior to 1930 no taxes were levied on the "Private Street." Beginning with that year, however, City of Miami Beach, County and State taxes were assessed against it. The taxes being unpaid and the property sold, the Graves Sales Corporation obtained the certificates of sale from the City, and finally Nov. 5, 1937, a tax deed to the parcel marked "Private Street" on the plat. The Graves Sales Corporation conveyed its title to the Wolfsons on December 13, 1937. The titles of the Wolfsons and that of the Heins in their respective lots trace back to the Miami Beach Bay Shore Company, the original subdivider. The Miami Beach Bay Shore Company had claimed some title in the parcel marked "Private Street," but December 31, 1937, it gave its deed to the Wolfsons who gave a purchase money mortgage in return. The Wolfsons had built a wall enclosing the "Private Street" from Pine Tree Drive and were in the process of building a house there when, August 24, 1938, the respondents brought their bill of complaint setting out these facts and praying in effect that the strip of land be decreed to be a street for the use and benefit of the owners of the two abutting lots, that the mortgage held by the Miami Beach Bay Shore Company be held to be no lien on the street, that a mandatory decree issue requiring the Wolfsons to remove all walls, buildings and other obstructions from the "Private Street" so as to give the respondents full and free access to and through the land, and that the City of Miami Beach and the Tax Assessor be permanently restrained from levying or assessing any taxes on the parcel.

The various defendants made motions to dismiss the bill of complaint. Subsequently the bill was amended to allege that the Wolfsons took the private roadway as per purchasers in the capacity of trustees. for their joint tenancy with the respondents in the land. Sixteen hundred dollars were tendered into court to evidence respondents' willingness to fully account for their share of the expense of procuring the tax title. The Wolfsons made a motion to strike, and new motions to dismiss the bill were made. June 5, 1941, an order was entered denying the motion to strike and the motions to dismiss. The petition for interlocutory certiorari under Rule 34 is from that order.

It is respondents' contention that the "Private Street" is exempt from taxation. Section 893, C.G.L. (1927), provides, "All real and personal property in this State . . . not hereby epressly exempted therefrom, shall be subject to taxation in the manner provided by law." Exemptions from taxations are strictly construed and the property claimed to be exempt must clearly be within the exemptions. Stewart v. State ex rel. Dolcimasiolo, 119 Fla. 117, 161 So. 338. It has not been shown that the land in question comes within any of the statutory exemptions.

Respondents further contend that they own the half of the "Private Street" nearest them subject only to the easement of the other lot and because of this an assessment made by the same description as that used in the deed of the property to them, although in terms embracing their lot alone, included by inference, as in the deed, an assessment of their portion of the private street. Because of this they assert that

a separate assessment on their part of the street was invalid.

The effect of the deed conveying respondents' lot to them, with consideration of the plat and the allegations above, was to give them an easement over the "Private Street" as shown on the plat. 28 C.J.S. Easements, Sec. 39; 17 Am. Jr. 958; Thompson on Real Property, infra, Vol. 2, Sec. 474; Tiffany on Real Property, Second Ed., Vol. 2, Sections 366 (b) and (c). Whether or not that deed had the effect of conveying or relinquishing to the abutting owner the fee simple title to the half of the "Private Street" nearest his lot need not be determined, for in either case the assessment and consequent tax title were valid to convey a new title to the grantee in the tax deed.

If the title was retained by the subdivider, there is no question of the validity of the assessment. Even assuming respondents received title to half the street the assessment would have been valid. There is nothing in Sec. 921, C.G.L. (1927), to restrain the tax assessor from assessing contiguous lands separately, as he did here. It is true that the private street was assessed as a whole although, under the assumption, the northern side of it would be owned by one person and the southern by another. It being admitted that no return for taxation was made, the assessment as made would not invalidate the tax deed issued thereunder. Sections 894 and 928, C.G.L.

The case of New Ft. Pierce Hotel Co. v. Phoenix Tax Title Corp., 126 Fla. 552, 171 So. 525, has been cited. In that case it was held that a tax deed conveying "all blocks 3 and 4 . . ." was sufficient to convey the title to an alley contained wholly in Block 4, where the offer to dedicate that alley had been re-

voked before acceptance. It does not follow from this case that the assessor could not separately assess the various parcels, nor does it follow that an assessment of one parcel would necessarily include in it the assessment of another where the description in the assessment is not in terms sufficiently inclusive of both.

Respondents finally assert that in any event, granting the validity of the tax deed, such deed to the private street or servient estate gave the Wolfsons title subject to respondents' easement or right of way over it, which the tax sale could not destroy.

Although there is a division of authority on the question of whether the purchaser at a tax sale of land subject to an easement takes the land free from such easement, the difference in the cases seems based solely upon the nature of the tax levy and assessment. Where, as in this State, the levy and assessment is on the realty itself regardless of the existence of estates in it, an easement is destroyed by the tax sale of the servient estate. As Thompson on Real Property, Vol. 5, Perm. Ed., Sec. 2929 (page 951) says,

"Where the statute makes the lien for taxes a first claim on the property, superior and paramount to any and all claims and liens whatsoever, and the sale was had in conformity with all the statutory requirements, so as to invest the purchaser with the fee-simple title to the land, even the claims to homestead and the inchoate right of dower will be divested. Under this rule an easement granted by the owner to a third person will be extinguished by a sale of the servient estate for non payment of taxes." See also Sec. 2920, op. cit. supra.

The grantee of the tax deed therefore took a fee simple title to the private street, free from any ease-

ments previously encumbering the land, and this title was conveyed to the Wolfsons. See Stuart v. Stephanus, 94 Fla. 1087, 114 So. 76; Dean v. Kane, 106 Fla. 814, 143 So. 656; Torreyson v. Dutton, 137 Fla. 683, 188 So. 805, modified in 138 Fla. 873, 190 So. 430; Annotation: 40 A.L.R. 1523.

By their amendment to the bill of complaint respondents endeavored to show that the Wolfsons took title to the land as trustees for the respondents' right of way because they were tenants in common in the easement. Without considering the question of whether the parties were tenants in common in the easement, it seems sufficient that there are no allegations to show a relationship between the Wolfsons and the original grantee of the tax deed, the Graves Sales Corporation, as would put the Wolfsons in the same position as if they themselves, as tenants in common, were the original purchasers of the tax title. A tenant in common may acquire title to the common property under a tax sale when he acquires such title from a third person who is not acting in collusion with him. Thompson on Real Property, supra, Vol. 4, Sec. 1866, (page 397).

An interlocutory writ of certiorari will be issued and the order quashed.

BROWN, C. J., ADAMS, and BUFORD, JJ., concur.

### ON PETITION FOR REHEARING

PER CURIAM:

Respondents, contentions in their petition for rehearing in the main assert matters not in the record before this Court, and such contentions are without merit.

Respondents assert that the assessment of the private street sanctioned in the opinion filed herein

constituted double taxation, contrary to Sec. 959 C.G.L. (1927). In their bill of complaint respondents specifically alleged that prior to 1930 "no taxes were levied or assessed against or upon said . . . private street." The only assessment complained of was the one considered in the opinion. No other assessment against the property is shown by the record.

It is also contended that this Court overlooked the inequitableness of allowing the tax assessor to assess the property as he did for and after 1930 without notice to respondents. There is nothing to show that the property is or should be exempt from taxation. The fact that it was not assessed prior to 1930 cannot limit the assessor's authority to include it then and thereafter. The assessments were made in compliance with the statutory requirements.

The statute does not require abutting private streets to be included by inference or otherwise in assessments expressly covering only lots in a city subdivision. And it is not shown that the assessment valuations of the abutting lots were made higher either before or after 1930 because of the "Private Street" between them. Nor is anything shown to indicate that any assessments of the abutting lots were intended expressly or by implication to include any interest real or assumed in the "Private Street."

Rehearing Denied.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.