198 So.2d 366 (1967)
Irving G. McNAYR, As County Manager of Dade County, Florida, Charged with the Duties and Obligations of the Tax Assessor of Dade County, Florida et al., Appellants,
v.
E.N. CLAUGHTON, Jr., Lillian C. Claughton, Suzanne C. Matthews, a Partnership Known As Brickell Investment Co., Appellees.
No. 66-219.
District Court of Appeal of Florida. Third District.
May 2, 1967.
*367 Thomas C. Britton, County Atty., and Joan Odell Fransella, Asst. County Atty., for appellants.
Dean, Adams, George & Wood and Don R. Livingstone, Jeanne Heyward, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
In order to develop a parcel of commercial property located on Biscayne Bay and fronting on Brickell Avenue in the City of Miami, the owner of a 99 year leasehold built a private street. The street was not dedicated and only the title of the leaseholder is affected by the construction of the street. The tract was developed by the use of sub-tracts fronting upon and served by the private street. The sub-tracts were thereafter individually assessed for taxation by Dade County because of the improvements upon the sub-tracts. This litigation began with a complaint alleging an unlawful assessment for the year 1963 for the land upon which the private street was built. The chancellor found for the plaintiff as follows:
"The court finds that the tax roll for 1963 unlawfully discriminates against the plaintiffs' property and that the plaintiffs are required under the valuations fixed on the roll to pay an unjust proportion of the tax burden. The assessment of $34,220.00 (50% of the full cash value figure of $68,440.00 set by the Tax Assessor) is arbitrary and does not bear any fair resemblance to reality. This, however, is not a condemnation of the 1963 tax roll as a whole. This finding is to be applied only to the property which is the subject matter of this suit and no other."
The decree directed a lower assessment of the property and in so doing, the court based its order upon the following mathematical process:
"It is the Court's opinion that the full cash value of plaintiffs' property, subject to the restricted uses which were made long before the 1963 tax roll was ever attempted, would be the ratio or relationship that the street frontage bears to the ground rental for the entire parcel. The street frontage is 50 feet, the total frontage is 321.92 feet; the ground rental is $24,984.69 per annum; and the ratio of the street frontage to the total frontage is 15.53%."
The County has appealed. Upon argument in this court, the appellee has admitted that the process used by the chancellor is not in accord with any of the established methods for determining the full cash value of real estate for taxation. Nevertheless, the appellee has contended that the result in dollars and cents reached by the court is fair and equitable and tantamount to the amount which would have been reached *368 by the application of the proper principles. We do not determine whether this is true because we anticipate that the establishment of the method employed by the chancellor for this particular piece of property, under the peculiar circumstances of this case, would establish a precedent for the use of a similar method in subsequent years and possibly upon other properties.
The plaintiff, appellee, is the holder of the leasehold. It is natural that he should be the party most interested in the tax to be assessed upon the property, inasmuch as by his lease he is bound to pay the taxes. The appellee thus proceeded upon the theory that it was his interest that was being taxed. This is not true because the law requires an assessment of the value not of one interest in the land, but of the land; that is, the assessed value of the land must represent all interests in the land. Wolfson v. Heins, 1942, 149 Fla. 499, 6 So.2d 858; Stack v. City of Hoboken, 1957, 45 N.J. Super. 294, 132 A.2d 314; Donovan v. City of Haverhill, 1923, 247 Mass. 69, 141 N.E. 564, 30 A.L.R. 358.
The terms "just valuation", "full cash value" and "fair market value" are legally synonymous. Tyson v. Lanier, Fla. 1963, 156 So.2d 833; Peters v. Hansen, Fla.App. 1963, 157 So.2d 103. To determine the fair market value there are three well recognized guides to appraisal: (1) the cost approach; (2) the comparable sales and (3) the income or economic approach. City of Tampa v. Colgan, 1935, 121 Fla. 218, 163 So. 577, 582. It is apparent that the chancellor selected the income or economic approach as the method for determining fair market value in this case. In the application of this method, the chancellor in our judgment erred by failing to capitalize the earnings of the land. The record supports appellant's position that the formula used by the chancellor was to equate the full cash value to an amount equal to the annual ground rental for the taxing year. The Court determined the value of the 50 foot strip to be a portion of the ground rental equal to the proportion that the street frontage of the 50-foot strip bore to the street frontage of the entire tract. This process failed to capitalize the income from the tract prior to determining the proportionate share that the sub-tract in question must bear.
Having determined that the trial judge employed an improper method in determining the value of the property for the year 1963, we remand the cause with directions to enter an amended final decree determining the proper valuation based upon a consideration of the principles set forth in City of Tampa v. Colgan, supra.
Reversed and remanded.