## ARNOW v. TAX ASSESSOR, et al.
No. 67-18260.

Circuit Court, Dade County.

November 18, 1968.

Charles K. George, Miami, for plaintiff.

Thomas C. Britton, County Attorney, John G. Fletcher, Assistant County Attorney, for defendants.

RAYMOND G. NATHAN, Circuit Judge.

*Final judgment:* This cause came on for non-jury trial on the 22nd day of October, 1968, and the court being fully advised in the premises after the taking of testimony on behalf of all parties and hearing the arguments of counsel, it is therefore ordered, adjudged and decreed —

That plaintiff, Robert H. Arnow, has exhausted his administrative remedies and as a consequence this court has jurisdiction of these proceedings.

That plaintiff has failed to demonstrate that the property described in the complaint was over valued for tax assessment purposes for the tax year 1967. Plaintiff proceeded upon the theory that the tax assessor, and as a consequence this court, is concerned solely with valuing one interest in the property. Plaintiff's witness by deposition, John P. Brady, concerned himself solely with testifying as to the value of Mr. Arnow's interest in the property, notwithstanding the fact that the lease on the property was entered into in 1937, and notwithstanding that the terms of the lease were no longer economic. The tenant obviously has a leasehold interest of great value as the amount of rent he is paying is below an economic rent.

The income capitalization approach toward valuing property is one of the recognized appraisal hypotheses. However, the experts must use an economic rent for if actual rent is not the equivalent of what rent the property would bring on the market, then the actual rent capitalization obviously does not represent fair market value. Thus, as in this case, where the fee owner is saddled with an unprofitable lease, the tax assessor must disregard the lease and value the property itself; that is, all of the interests in the property including the valuable interest held by that fortunate tenant who is paying less than economic rent. McNayr v. Claughton, 198 So.2d 366 (Fla. App. 1967).

The tax assessment value placed on the subject property by the tax assessor is not disturbed by this court. The complaint herein is dismissed with prejudice.