PER CURIAM.
This appeal largely represents a continuation of litigation which was treated by this court in the case of McNayr v. Claughton, Fla.App.1967, 198 So.2d 366. The earlier case, supra, was an appeal by the taxing authorities from a final decree which held that the tax assessment of certain subject property owned by E. N. Claughton, Jr., and others, was unlawful. We accepted the taxing authorities’ contention that the trial court had employed an improper method in determining the value of the subject property for the year 1963, and remanded amended final decree based upon determina-the cause with directions to enter an tion of value in accordance with the opinion. After the case was remanded to the trial court, it was consolidated with other pending litigation also involving the issue of whether or not the taxing authorities had *415 employed an improper method of determining the value of the same property for the years 1966 and 1967. All the pending cases involving this subject have been consolidated for appellant purposes as well.
After remand, the court retried the case, and found as follows:
«* * *
“The court finds that the tax roll for 1963 unlawfully discriminates against the plaintiffs’ property and that the plaintiffs are required under the valuations fixed on the roll to pay an unjust proportion of the tax burden. The assessment of $34,220.00 (50% of the full cash value figure of $68,440.00 set by the Tax Assessor) is arbitrary and does not bear any fair resemblance to reality. This, however, is not a condemnation of the 1963 tax roll as a whole. This finding is to be applied only to the property which is the subject matter of this suit and no other. Further, the Court cannot declare the total assessment on the subject property to be void and illegal.
“The Defendants admitted, and the Court finds, that the sum total valuation of all property subject to ad valorem taxes appearing on the 1963 tax roll is 50% of the sum total of its full cash value. The Defendants also admitted, and the court finds, that the millage for the year 1963 was 41.16 mills, or [$] 41.-16 per $1,000.00.
“It is the Court’s finding that the full cash value of the Plaintiffs’ property would be the ratio or relationship that the subject property frontage bears to the frontage of the entire parcel of the Plaintiffs’ property. The street frontage is 50 feet, the total frontage is 321.92 feet; the ground rental is $22,984.69 per annum; and the ratio of the street frontage to the total frontage is 15.53%. The rental income on the subject parcel of property is, therefore, $3,569.52 per an-num. The Court further finds that this should be capitalized on the basis of 10% and the just evaluation of said property, based on the income or economic approach, considered together with all other methods brought to the Court’s attention by the parties and the witnesses and the requirements of our State Constitution and the applicable Florida Statutes, is $35,695.20 which must be reduced by 50% to be in proper proportion to other property on the tax roll, for reasons previously set forth herein. The Court, therefore, finds that the full cash value, its just value and the proper value of assessment for the subject year is $17,347.10.
“The equities of this cause are with the Plaintiffs.
(( * * * »
By this appeal, the taxing authorities now contend that no substantial competent evidence existed to support the final judgment at issue. However, after a thorough review of the record, we are not convinced that the appellant carried its burden of demonstrating such a lack of substantial competent evidence.
Affirmed.