HENDRY, Judge.
The appellant-defendants Robert K. Overstreet, and others, hereinafter the taxing authority, seek review of a final judgment entered in an action for the reduction of the ad valorem tax assessment for the years 1969 and 1970. The taxing authorities were enjoined from assessing the subject property of appellee-plaintiff in excess of $38,801.20 for the years 1969 and 1970. This appeal concerns the same narrow strip of land which was the subject of the tax appeals in McNayr v. Claughton, Fla.App.1967, 198 So.2d 366 and Homer v. Claughton, Fla.App.1969, 224 So.2d 414.
The trial court’s decision that the proper assessment was $38,801.20 can only be based on (1) assessed value as determined in a prior year’s litigation, or (2) certain statements by Mr. Dausey elicited on cross-examination respecting capitalizing the income from the lease. Both of these bases for decision in this case are incorrect, although we can easily understand the error into which the lower court fell because of *708 certain language in McNayr v. Claughton, supra.
We express the view that the trial court erred in basing its assessment on the value of the lease, and accordingly remand for the purpose of taking testimony as to the proper assessment. It appears that the assessor did not evaluate all the interests in the property, the several leases and fee, as is required by City of Tampa v. Colgan, 121 Fla. 218, 163 So. 577 (1935).
The subject property is commonly known as S. E. Seventh Street. It is a privately owned roadway to which the public has access, and it is approximately fifty feet wide and averages six hundred, seventy five feet deep, connecting Brickell Avenue and high rise apartments fronting on Biscayne Bay. A portion of the property is paved with one sidewalk, but was not otherwise improved on the tax date.
“In order to develop a parcel of commercial property located on Biscayne Bay and fronting on Brickell Avenue in the City of Miami, the owner of a 99 year leasehold built a private street. The street was not dedicated and only the title of the leaseholder is affected by the construction of the street. The tract was developed by the use of sub-tracts fronting upon and served by the private street. The sub-tracts were thereafter individually assessed for taxation by Dade County because of the improvements upon the sub-tracts.’’
McNayr v. Claughton, Fla.App.1967, 198 So.2d 366, 367.
The taxing authorities assessed the property for the 1969 tax year at $157,460.00 and for the 1970 tax year at $157,790.00. Each year the taxpayer properly exhausted its administrative remedies and filed suit; the separate actions were consolidated pursuant to an agreed order in the trial court. This appeal followed.
The taxpayer called three witnesses, Paul W. Dausey, of the Dade County Tax Assessor’s staff; E. N. Claughton, (the taxpayers’ lessee); and Marion C. McCune, M.A.I., an appraiser who is a member of the American Institute of Real Estate Appraisers. Only Mr. Dausey testified as to the fair market value of the subject property as of January 1, 1969 and January 1, 1970, the relevant tax dates. Mr. Dausey, who was apparently called as an adverse party, testified as an expert witness in accordance with, and in support of, the taxing authority’s assessment of the property. Mr. Claughton did not express his opinion as to the market value of the property on the relevant tax dates, and Mr. McCune declined to give an opinion as to a specific value when asked. The taxpayer introduced into evidence, over objection, files of prior litigation involving the 1963, 1966, 1967 and 1968 tax years.
The tax assessor valued the instant property at $4.25 per square foot, the same value as the apartment building to the north and the vacant property to the south; both of which were considerably wider than the instant property.
The state of the title during the relevant times is as follows: The Brickell family is the fee owner. The Claughtons are the lessees under a lease executed in 1954 for a ninety-nine year term, with options to renew for two successive additional ninety-nine year terms. The Claughtons are to pay approximately $22,000.00 a year rent, and are also obligated to pay taxes, insurance, and upkeep. Harbor Inlet Apartments by a sublease for the purposes of ingress and egress which lease was probably executed in 1958, became a sublessee of the Claughtons. Then, in 1969, the Claughtons assigned their lease to Brickell Lum Corporation for the annual rent of $1.00, but retaining what is in effect a sublease of the street itself, for the remaining term of almost eighty years. Under the assignment, it appears that Brickell Lum Corporation is obligated to pay, inter alia, the real estate taxes.
The appellant taxing authority contends that the circuit court erred in reducing the assessment on the property to a prior year’s *709 assessed value. The circuit court did apparently obtain the $38,801.20 value directly from the case contesting the assessment of the property as of January 1, 1968, which appears in the final judgment in Circuit Court of Dade County Civil Action No. 68-16897.
We agree with the taxing authority that the court erred in admitting the prior year’s tax case into evidence. A fundamental rule is that each year’s assessment must be based on its own validity and not upon the assessment of any prior or subsequent year. Specifically, Hecht v. Dade County, Fla.App.1970, 234 So.2d 709, stated:
“In action challenging 1967 real property tax assessment, evidence of amount of 1968 tax assessment was inadmissible.”
Next, we express the view that the trial court did not have before it substantial competent evidence as to the value of the property as of the 1969 and 1970 tax dates. The appellant correctly states that no one testified that $38,801.20 represented the value of the property on the 1969 and 1970 tax dates. However, the method by which such a figure could be computed was a part of the testimony of Mr. Dausey when he was examined by plaintiff’s counsel.
Justice Adkins in Homer v. Dadeland Shopping Center, Inc., Fla.1970, 229 So.2d 834, 837 restated several basic principles concerning suits challenging assessments for ad valorem taxation:
“It is elementary that the tax assessment valuation must include all interests in the property except when the Legislature authorizes the assessment of separate interests. See Dickinson v. Davis, 224 So.2d 262 (Fla.1969).”
******
“The tax assessment is presumed to be correct and, in order to sustain his burden of proof in challenging a tax assessment, the taxpayer must present proof which excludes every reasonable hypothesis of a legal assessment. This Court in Folsom v. Bank of Greenwood, 97 Fla. 426, 120 So. 317 (1929) said:
‘The prima facie correctness of an assessment when made by the proper officers must be affirmatively overcome by appropriate and sufficient allegations and proofs excluding every reasonable hypothesis of a legal assessment.’
“The plaintiff did not sustain the burden of proving the valuation to be so excessive and unreasonable that it is arbitrary and capricious. The experts called by the Taxing Authorities sustained the finding of those employees of the tax assessor who originally determined the assessed value of tracts 002, 004, and 095.”
Accord: McNayr v. Claughton, Fla.App.1967, 198 So.2d 366, 368:
“Assessed value of land must represent all interests in land.”
The error in only capitalizing the income from a lease to determine market value is apparent in the hypothetical situation where a lease is $1.00 per year for ninety-nine years. Thus, employing the income approach of evaluating real estate but using solely the capitalization of the income from that lease to determine value of the property would tend to yield an unrealistic result as to true market value for all the interests.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is reversed and remanded for the purpose of taking testimony as to the proper assessment of the property.
Reversed and remanded.