QUESTION:
Does the doctrine of res judicata apply to decisions made by the board of tax adjustment and the Department of Revenue in 1973 so as to bind the assessors to grant exemptions in 1974?
SUMMARY:
The doctrine of res judicata does not apply to determinations of the board of tax adjustment and Department of Revenue, and the tax assessor is not bound by past decisions of these agencies when determining eligibility for tax exemptions in subsequent years.
Your letter indicates that the board of tax adjustment overturned numerous denials of tax exemptions by your office. The Department of Revenue then upheld the changes on review pursuant to s.193.122, F.S., as amended by Ch. 73-172, Laws of Florida. You ask whether the assessor is bound by the determinations of the board of tax adjustment and Department of Revenue when considering exemption applications for 1974.
Administrative proceedings generally are subject to the doctrine of res judicata. Rubin v. Sanford, 168 So.2d 774 (3 D.C.A. Fla., 1964); Metropolitan Dade County Board of County Commissioners v. Rockmatt Corp., 231 So.2d 41 (3 D.C.A. Fla., 1970). However, the very nature of a tax exemption and the laws establishing the same preclude the application of this doctrine in tax exemption cases.
Section 196.011, F.S. 1971, requires an application each year from those individuals or organizations seeking a tax exemption. Detailed procedures have been established by law for the tax assessor to then make an administrative determination as to whether a tax exemption is warranted on the basis of the facts for that year. This determination is then reviewed by the board of tax adjustment and if a change is made a further review is conducted by the Department of Revenue. Not all of these procedures would be necessary each year and hence would have been deleted by the legislature if the granting of a tax exemption in one year necessitated granting another in subsequent years.
The courts have long recognized that the nature of tax assessments and exemptions is such that changes occur frequently which from year to year vary the eligibility of certain property for exemption or alter its value. Evidence of a prior year's assessment is not even admissible in court in determining the same in a subsequent year. Overstreet v. Brickell Lum Corporation,262 So.2d 707 (3 D.C.A. Fla., 1972). Each year's assessment or exemption must stand or fall on its own validity, unconnected with the assessment of any prior or subsequent year. Keith Investments, Inc., v. James, 220 So.2d 695 (4 D.C.A. Fla., 1969).