449 So.2d 378 (1984)
CENTURY VILLAGE, Appellant,
v.
Rebecca E. WALKER, Property Appraiser, Palm Beach County, Florida, and Allen C. Clark, Tax Collector, Palm Beach County, Florida, Appellees.
No. 82-2198.
District Court of Appeal of Florida, Fourth District.
April 25, 1984.
Rehearing Denied May 24, 1984.
*379 Robert L. Shapiro of Levy, Shapiro, Kneen & Kingcade, Palm Beach, and Jane Kreusler-Walsh and Larry Klein, West Palm Beach, for appellant.
Willa Fearrington of Fearrington & Hyman, West Palm Beach, and Gaylord A. Wood, Jr., Fort Lauderdale, for appellee/Rebecca E. Walker.
DOWNEY, Judge.
Century Village has perfected this appeal from a final summary judgment in favor of Rebecca E. Walker and Allen C. Clark, as Property Appraiser and Tax Collector of Palm Beach County, respectively. Dissatisfied with the ad valorem tax assessment levied against its property for 1981, Century filed this suit challenging that assessment.
Century is the fee simple owner of the Westward Shopping Center, located on Okeechobee Boulevard in West Palm Beach, Florida. The Center consists of 157,700 square feet of store space, subject to leases with various tenants, which generate rents far less than the present market value for such leases. In assessing the value of the property for ad valorem tax purposes the property appraiser considered the actual income being produced by the tenants as well as the economic income, i.e. the current rental value of the property unencumbered by the present leases. Thus, it appears that in assessing the property the appraiser valued all of the interests in the property, including the interests of Century, the owner-lessor, and the interests of the fortunate lessees whose rental obligations are less than the current market value for leased commercial space. In so doing, Century contends, the appraiser committed error which was compounded by the decision of the trial court.
The issue presented for our determination involves the proper method of assessing this shopping center realty for ad valorem taxation when the property is encumbered by leases that do not return to the owner rent consistent with the current rental value for similar property. Century, the property owner, predictably contends the income approach to value in such a case requires the appraiser to base the valuation upon the actual rental income the owner-lessor receives. The appraiser argues that such a valuation would constitute assessing only a part of the interests in the property, whereas the law mandates the assessment of the realty itself including all of the outstanding legal interests in the property, such as leaseholds and easements. Century responds that the appraiser's approach results in an appraisal that is not fair market value or just valuation.
Section 193.011, Florida Statutes (1981), sets forth the factors that the appraiser is to consider in arriving at the just value of property under Article VII, Section 4, of the Florida Constitution. There is no showing or even any contention that the appraiser did not consider all of the required factors. The complaint seems to be that the factors were improperly evaluated. In support of their motion for summary judgment the appraiser and collector attached an affidavit of a professional appraiser who described two of the approaches used in arriving at the value of the property in question: the income approach and the market data or comparable sales approach. Contrary to Century's contentions in favor of consideration of the present income alone, the affidavit states that all of the interests in the land must be considered; this can be done by determining the value of the owner-landlord's interest and the interest of the fortunate tenant and combining the two, or by using the economic rent approach, which automatically values both interests.
We hold that the appraiser's contentions are supported by the authorities.
*380 In Wolfson v. Heins, 149 Fla. 499, 6 So.2d 858 (1942), Wolfson obtained title to a private street via a tax deed. His neighbor contended that he had easement rights in the property. However, the supreme court held that "where, as in this State, the levy and assessment is on the realty itself regardless of the existence of estates in it, an easement is destroyed by the tax sale of the servient estate." In McNayr v. Claughton, 198 So.2d 366 (Fla. 3d DCA 1967), citing Wolfson, the court rejected a leaseholder's contention that it was solely his interest that was being taxed "because the law requires an assessment of the value not of one interest in the land, but of the land; that is, the assessed value of the land must represent all interests in the land."
Following the Wolfson-McNayr theme, in Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla. 1970), a taxpayer owned a shopping center which consisted of several parcels of land. The district court of appeal had held that, since some of the parcels were impressed with restrictive covenants, the existence of such covenants detracted from the value of the property, and directed an assessment to be made on the value of the property less the value of the restrictions  i.e. an encumbered property. The supreme court found this contention to be in conflict with Wolfson v. Heins, supra, and observed:
The opinion of the District Court of Appeal in the case sub judice is based upon the theory that the encumbrances are "covenants restricting the use of land for purposes lower than its highest and best use." It was held that only the fee simple owner's interest in the real property was to be included in the tax assessment valuation, and that the value of the rights held by third parties should be excluded from that valuation. 229 So.2d at 836.
It is elementary that the tax assessment valuation must include all interests in the property except when the Legislature authorizes the assessment of separate interests. See Dickinson v. Davis, 224 So.2d 262 (Fla. 1969). 229 So.2d at 837.
Later, in Overstreet v. Brickell Lum Corporation, 262 So.2d 707 (Fla. 3d DCA 1972), the court considered an attack upon the assessment of the same property involved earlier in McNayr and stated:
We express the view that the trial court erred in basing its assessment on the value of the lease, and accordingly remand for the purpose of taking testimony as to the proper assessment. It appears that the assessor did not evaluate all the interests in the property, the several leases and fee, as is required by City of Tampa v. Colgan, 121 Fla. 218, 163 So. 577 (1935). 262 So.2d at 708.
The error in only capitalizing the income from a lease to determine market value is apparent in the hypothetical situation where a lease is $1.00 per year for ninety-nine years. Thus, employing the income approach of evaluating real estate but using solely the capitalization of the income from that lease to determine value of the property would tend to yield an unrealistic result as to true market value for all the interests. 262 So.2d at 709.
The rule evolving from the foregoing cases has been set forth in the new volumes on taxation in Florida Jurisprudence as follows:

What interests in property must be valued

Absent special legislation authorizing the assessment of separate interests in land, the law requires an assessment of the value not of one interest in the land, but of the land itself; that is, the assessed value of the land must represent all interests therein including leases and the fee.
This means that despite a mortgage, lease, or sublease of the property, a landowner will still be taxed as though he possessed the property in fee simple. The general property tax ignores fragmenting of ownership and seeks payment from only one owner. An encumbrance *381 or restriction such as an easement will not per se reduce the assessment value of land simply because the owner has been divested of some proprietary interest. However, this does not mean that an assessment may be made without regard to the effect of an encumbrance on the value of the land. The encumbrance becomes one factor among many the appraiser must consider in determining the just value of the property to be taxed. -51 Fla.Jur.2d, Taxation § 17:406 (footnotes omitted).
In Dept. of Revenue v. Morganwoods Greentree, Inc., 341 So.2d 756 (Fla. 1977), the tax assessor assessed certain common areas in a condominium to the corporate entity holding fee title thereto. The court stated:
We agree that there must be a reevaluation of the property. We reaffirm the general rule that in the levy of property tax the assessed value of the land must represent all the interests in the land. Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla. 1970); McNayr v. Claughton, 198 So.2d 366 (Fla. 3d DCA 1967). This means that despite the mortgage, lease, or sublease of the property, the landowner will still be taxed as though he possessed the property in fee simple. The general property tax ignores fragmenting of ownership and seeks payment from only one "owner." See 1 Bonbright, Valuation of Property, 495-96 (1st ed. 1937). An encumbrance or restriction such as an easement will not per se reduce the assessment value of land simply because the owner has been divested of some property interest. This does not mean, however, that an assessment may be made without regard to the effect of an encumbrance on the value of the land. The encumbrance becomes one factor among many the assessor must consider in determining the just value of the property to be taxed. 341 So.2d at 758 (footnote omitted).
Finally, the most recent case on this point is Bystrom v. Valencia Center, Inc., 432 So.2d 108 (Fla. 3d DCA 1983). There the property appraiser sued to set aside a Property Appraisal Adjustment Board reduction of the annual ad valorem tax assessment on a shopping center. Apropos of the point under discussion, the court said:
This argument overlooks two things. First, the property assessed is the unencumbered fee simple. Although Valencia Center, the lessor, is the taxpayer, the assessment must include the interest of all the lessees; the whole "bundle of rights" in the real property. Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla. 1970); McNayr v. Claughton, 198 So.2d 366 (Fla.App. 1967). See also Staninger v. Jacksonville Expressway Authority, 182 So.2d 483 (Fla. 1st DCA 1966); Arnow v. Tax Assessor, 32 Fla. Supp. 106 (11th Cir.1968).
Secondly, if the lessor's interest in the property is reduced by virtue of a lease which is now disadvantageous to itself, it follows that the lessees' interests are all the more valuable. The present market would contemplate the totality of the interests and a willing buyer would offer a willing seller (or sellers) a figure based on the lowered value of the encumbered property to the lessor plus the increased value (a premium) for the interest of the lessees.
The Appraiser's job, however, is not to assess the bundle of rights in a piecemeal fashion. 432 So.2d at 111.
Appellant conceded in oral argument that Bystrom did not support its position but suggested the case was simply wrong. However, from the cases we have reviewed it is clear that Bystrom is far from being a lonely aberration. It is consistent with cases decided by the Supreme Court of Florida.
In view of the foregoing, we affirm the judgment appealed from.
AFFIRMED.
WALDEN, J., concurs.
BERANEK, J., dissents, with opinion.
*382 BERANEK, Judge, dissenting:
I disagree. In Department of Revenue v. Morganwoods Greentree, Inc., 341 So.2d 756 (Fla. 1976), the Supreme Court held that an encumbrance or restriction does not per se reduce the assessment, but that this encumbrance or restriction is to be considered by the assessor in arriving at a just value of the property to be taxed. The Court stated:
An encumbrance or restriction such as an easement will not per se reduce the assessment value of land simply because the owner has been divested of some property interest... . The encumbrance becomes one factor among many the assessor must consider in determining the just value of the property to be taxed.
However, in Bystrom v. Valencia Center, Inc., 432 So.2d 108 (Fla. 3d DCA 1983), also relied upon by the majority, the District Court stated as follows:
This argument overlooks two things. First, the property assessed is the unencumbered fee simple. Although Valencia Center, the lessor, is the taxpayer, the assessment must include the interest of all of the lessees; the "whole bundle of rights" in the real property.
Under the Bystrom case, it appears that the assessment should be the value of the unencumbered fee simple while under the cited passage from Morganwoods Greentree, Inc., the encumbered interest is to be assessed. I submit that a reduction must occur by virtue of a genuinely disadvantageous encumbrance.