507 So.2d 1207 (1987)
Rebecca WALKER, as Palm Beach County Property Appraiser, Appellant,
v.
George A. SMATHERS, et al., Appellees.
Nos. 4-86-0409, 4-86-0822.
District Court of Appeal of Florida, Fourth District.
June 3, 1987.
*1208 Willa A. Fearrington, West Palm Beach, and Gaylord A. Wood, Jr., Fort Lauderdale, for appellant.
Alfred Aronovitz, Miami, for appellees.
PER CURIAM.
We reverse and remand with directions that the trial court reinstate the tax assessment made by the property appraiser on appellees' property for the year 1983. In our view the trial court erred in its legal approach to appellees' challenge of the tax assessment. The trial court, instead of determining whether the appellees had proven that the assessment could not be sustained under any reasonable hypothesis of legal assessment, made a factual determination of what it believed the property was worth. That simply is not the standard by which an assessment is to be evaluated. See Bystrom v. Whitman, 488 So.2d 520 (Fla. 1986); also see Bystrom v. Bal Harbour 101 Condominium Association, 502 So.2d 1312 (Fla. 3d DCA 1987).
The record reflects an abundance of evidence supporting the assessment as being within a reasonable range of values established by recognized appraisal methods. Specifically, this court held in Century Village v. Walker, 449 So.2d 378 (Fla. 4th DCA 1984), that the property appraiser is entitled to consider economic rent, as the appraiser did here, when the property is encumbered by leases which do not return present value to the owner. In addition, the record contains evidence of sales of comparable properties in amounts far in excess of the assessment in question.
ANSTEAD, WALDEN and STONE, JJ., concur.