665 So.2d 272 (1995)
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellant,
v.
BROWARD COUNTY, a political subdivision of the State of Florida; William Markham, as Property Appraiser of Broward County; and Joseph Rosenhagen, as Broward County Revenue Collector, Appellees.
No. 94-0803.
District Court of Appeal of Florida, Fourth District.
November 22, 1995.
*273 James W. McBride and Anne M. Stolee of Baker, Donelson, Bearman & Caldwell, Washington, DC, Harris R. Anthony, Miami, Peter Forman of Gustafson, Stephens, Ferris, Forman & Knight, P.A., Fort Lauderdale (withdrawn after filing brief), Stephanie Deutsch and Jon W. Zeder of Adorno & Zeder, P.A., Miami, and Richard W. Bell, Atlanta, Georgia, for appellant.
John J. Copelan, County Attorney, and Christine M. Duignan, Assistant County Attorney, Fort Lauderdale, for appellee Broward County.
Gaylord A. Wood, Jr., of Law Offices of Wood & Stuart, P.A., Fort Lauderdale, for appellee William Markham.
Robert A. Butterworth, Attorney General, Ralph R. Jaeger and Lee Rohe, Assistant Attorneys General, Tallahassee, for appellee Department of Revenue.

ON MOTION FOR REHEARING
POLEN, Judge.
We deny appellant's motion for rehearing, but substitute the following to correct a misstatement made on page 6 of our September 13, 1995, slip opinion.
Southern Bell Telephone and Telegraph Company ("Southern Bell") filed this action to appeal the property appraiser's assessment on its operating personal property in Broward County, Florida for the 1990 tax year. Similar to its allegations in Southern Bell Telephone and Telegraph Co. v. Markham, 632 So.2d 272 (Fla. 4th DCA 1994), which involved the 1989 assessment, Southern Bell here alleges that (1) the value placed on its operating personal property by the Broward County property appraiser ("property appraiser") for the 1990 tax year was excessive, and (2) the property appraiser systematically failed to equalize the assessment of its operating property with that of other taxpayers in Broward County, thereby discriminating against Southern Bell in violation of equal protection under the United States Constitution. Because this second claim posed a constitutional challenge to the assessment, the Florida Department of Revenue was joined as a party defendant pursuant to Section 194.181(5), Florida Statutes. However, Southern Bell does not seek any relief from the Department of Revenue in this case. Because we agree with the trial *274 court that Southern Bell failed to meet its burden, we affirm.
Southern Bell alleges in this case that its personal property in Broward County was assessed at more than 100% of market value, while the property appraiser has generally assessed real property in Broward County at a ratio of assessment to fair market value of approximately 80%. "[T]he constitutional rights of a taxpayer are infringed if his property is assessed at a percentage of value substantially higher than the percentage at which all other property in the county is generally assessed... ." Southern Bell, 632 So.2d at 275 (quoting Deltona v. Bailey, 336 So.2d 1163, 1168 (Fla. 1976)).
Southern Bell presented three separate statistical analyses using different data and different methods of analysis at the trial of this case, all three of which, it claims, showed that the general level of assessment in Broward County on January 1, 1990, was approximately 80%. Here, because there is considerable disagreement between the parties as to method of valuation, ultimately there is considerable discrepancy between the resultant valuation each party puts on the property for assessment purposes. In its order of March 15, 1994, the trial court found that:
[p]laintiff has failed to demonstrate by a preponderance of the evidence that it is entitled to relief on equal protection grounds. The Court finds that most of the issues in this case were decided adversely to Plaintiff in Southern Bell Telephone & Telegraph Co. v. Broward County, Case No. 89-34642/19, affirmed 632 So.2d 272 (Fla. 4th DCA, Order of February 23, 1994).
The first of Southern Bell's arguments centers around its position that every tax year stands alone, and that the court is obliged to review the evidence and arguments in each case on its own merits. Keith Invs. v. James, 220 So.2d 695 (Fla. 4th DCA 1969); Container Corp. of Am. v. Long, 274 So.2d 571 (Fla. 1st DCA 1973).
In the instant case, appellant contends that because the decision of the court below made no findings based on the factual record of this case, it appears that it dismissed all of Southern Bell's claims relying on its decision in the 1989 case. We disagree, and, in doing so, we initially point out that trial courts, absent a mandate found in statute or case law, are not required to specifically include findings of fact on each issue in a case.[1]See City of Pompano Beach v. Beatty, 177 So.2d 261 (Fla. 2d DCA 1965); Air Ambulance Network, Inc. v. Floribus, 511 So.2d 702 (Fla. 3d DCA 1987). Here, pursuant to our holding in NCNB Nat'l Bank of Florida v. Aetna Casualty and Sur. Co., 477 So.2d 579, 583 (Fla. 4th DCA 1985), since the trial court made no specific findings of fact in the final judgment, this court must accept the facts to be those shown by that evidence most favorable to Broward County as the prevailing party.
Next, we find that appellant is incorrect in his interpretation of the word "most" in the Final Judgment to mean "all," and his thereby assuming that the trial court must have determined the case based on res judicata. Just because Judge Korda in the instant case, and Judge Ward in the 1989 case, reached consistent conclusions  that Southern Bell was not entitled to relief  does not mean that Judge Korda did not carefully and independently sift and weigh the 1990 evidence, as the final judgment says he did.
While we agree that it would have been more helpful had the trial judge set forth his findings in greater detail in the order here appealed, we do not find this as being fatal to his decision. Judge Korda, in his order said "most" not "all,"  therefore, because he did not base his decision on res judicata or collateral estoppel, there is no reason to assume that he did not consider the 1990 case on its own merits. Therefore, we find this argument insufficient as a basis to reverse.
Judge Korda's pronouncement that most of the issues in the 1990 case were determined *275 in the 1989 trial is incidental to the court's dispositive holding that Southern Bell fell short of meeting its burden in its attack on the 1990 assessment and its equal protection challenge. See Blake v. Xerox, 447 So.2d 1348 (Fla. 1984) (the standard for reviewing property tax assessment is whether assessment could be sustained under any reasonable hypothesis of legality). See also, Walker v. Smathers, 507 So.2d 1207 (Fla. 4th DCA 1987) and Southern Bell, 632 So.2d at 273.
Next we turn to Southern Bell's contesting of the effect of the 15% cost of sale, or "eighth criterion,"[2] adjustment made by the Department to all of the selling prices in its sales assessment ratio study, and to all of the market values in its in-depth study. We find this 15% to be a figure the Department of Revenue recognizes and accepts without further evidence, through custom and usage. Pursuant to D.O.R. v. Markham, 426 So.2d 555 (Fla. 4th DCA 1982), fair market value equals just value. For example: assume a piece of property to be sold has a selling price of $100,000. The Department would attribute 15% of the selling price as the cost of sale (i.e. brokerage commissions, advertising, etc.). Subtracting the $15,000 (cost of sale) from the $100,000 selling price leaves a net value of $85,000. We find no impropriety in using this approach to valuation.
The supreme court discussed judicial review of a tax assessment in Bystrom v. Whitman, 488 So.2d 520, 521 (Fla. 1986):
[T]he core issue in any action challenging a tax assessment is the amount of the assessment, not the methodology utilized in arriving at the valuation [citation omitted].
Here, the trial court found that substantial, competent evidence supports the property appraiser's assessment. We recognize that Southern Bell has corrected some defects in its appraisal approaches that were criticized in the 1989 case opinion. Nevertheless, the record supports the trial court's conclusion that Southern Bell did not meet its burden to show that the assessment could not be sustained under any reasonable hypothesis of legal assessment. We affirm.
KLEIN and PARIENTE, JJ., concur.
NOTES
[1] Of course, we would hasten to add that the trial court's findings of fact as to any issue make the reviewing court's task much less difficult.
[2] § 193.011(8), Fla. Stat. ("The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual costs and reasonable fees and costs of the sale....").